UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Tia Pass

    v.                                          Civil No. 11-cv-284-JL

Rollinsford School District


**SUMMARY ORDER**

In this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2)(A), from which this court derives its jurisdiction, 20 U.S.C. § 1415(i)(3)(A), plaintiff Tia Pass seeks reimbursement of the costs associated with the unilateral placement of her younger sister and ward, Haley, in two private educational programs. Plaintiff has moved this court for an evidentiary hearing under 20 U.S.C. § 1415(i)(2)(C)(ii) so that she may add evidence to the record of Haley's recent performance in one of those private programs, the Aucocisco School. Defendant Rollinsford School District objects. Because evidence of Haley's progress and performance at the Aucocisco School after the administrative hearing in this matter is relevant and is not cumulative of evidence already in the record, the court grants the motion subject to the limitations outlined in this order.

Section 1415(i)(2)(C)(ii) provides that a district court "shall hear additional evidence at the request of a party." The right to submit additional evidence before the district court is

not automatic, and "a party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so." Roland M. v. Concord Sch. Comm., 910 F.2d 983, 996 (1st Cir. 1990). In determining whether to grant leave to supplement the administrative record, the court "must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." Town of Burlington v. Dep't of Educ., 736 F.2d 773, 791 (1st Cir. 1984). Therefore, the court should ordinarily exclude evidence that merely repeats or embellishes evidence already in the administrative record. Id. at 790.

Of particular importance here, the Court of Appeals has remarked that "evidence concerning relevant events occurring subsequent to the administrative hearing" may appropriately be used to supplement the record. Id. Accordingly, district courts in this circuit have regularly permitted parties to supplement the record with evidence of a child's post-hearing progress. See R.C. v. York Sch. Dep't, No. 07-177-P-S, 2008 WL 410646, *2 (D. Me. Feb. 12, 2008); C.G. v. Five Town Cmty. Sch. Dist., 436 F. Supp. 2d 181, 186-87 (D. Me. 2006); Mr. & Mrs. I v. Maine Sch. Admin. Dist. No. 55, No. 04-cv-165-P-H, 2004 WL 2397402, *2-3 (D. Me. Oct. 27, 2004); Hanna v. Derry Sch. Dist., No. 03-cv-201-JD, slip op. at 3-4 (D.N.H. Sept. 11, 2003) (DiClerico, J.). The Court of Appeals endorsed this result in Town of Burlington,

refusing to categorically disallow new testimony from witnesses who testified in the administrative hearing because "in many instances [witnesses] who have testified at the administrative hearing will be bringing the court up to date on the child's progress from the time of the hearing to the trial." 736 F.2d at 790-91.

The additional evidence proffered by plaintiff is similar to the evidence used to supplement the record in the district court cases cited above. Plaintiff seeks to add documentary evidence of Haley's progress and performance at Aucocisco after the date of the administrative hearing, as well as plaintiff's own testimony and the testimony of Barbara Melnick and Carrie Chapin, both of whom are staff members at Aucocisco, on the same topic. This evidence is potentially relevant to the appropriateness of (a) defendant's proposed individualized education program for the 2011-2012 academic year and (b) plaintiff's unilateral placement of Haley at Aucocisco, both of which are at issue in this action. See Five Town Cmty. Sch. Dist., 436 F. Supp. 2d at 186.

Further, this proffered evidence does not simply "repeat or embellish" material already in the administrative record. See Town of Burlington, 736 F.2d at 790. Though plaintiff and Ms. Melnick both testified at the administrative hearing as to the appropriateness of Haley's placement at Aucocisco, they testified after she had been there for only a few weeks. Evidence of

Haley's progress and performance at Aucocisco over the next five months may provide a more complete and accurate portrayal of the comparative advantages offered by that placement.

For the foregoing reasons, plaintiff's motion for an evidentiary hearing[1] is GRANTED.  Plaintiff may supplement the record with her own testimony and that of either Ms. Melnick or Ms. Chapin, given by deposition, subject to cross-examination by defendant, and strictly limited to the narrow issue of Haley's progress and performance at the Aucocisco School from the date of the administrative hearing through the end of the 2010-2011 school year.  Counsel shall schedule the depositions at times and places to be mutually agreed upon, provided that the depositions take place within 21 days of this order.  Transcripts shall be filed with the court within 14 days of the depositions.  The documentary evidence submitted with the motion is also added to the record, though plaintiff is advised to lay a foundation for the admissibility of this evidence at the above-referenced depositions.

Defendant may also submit rebuttal evidence regarding Haley's progress and performance at the Aucocisco School from the date of the administrative hearing through the end of the 2010-2011 school year.  Should it wish to do so, defendant shall file

---

[1] Document no. 10.

a notice with the court, specifically identifying the evidence in question, no less than fifteen days after the later of plaintiff's two depositions. Should defendant wish to offer testimonial evidence in rebuttal, any testimony shall be given at a deposition(s) at which the witness is subject to cross-examination. Any such deposition(s) shall take place within 21 days of the later of plaintiff's two depositions, and transcripts shall be filed with the court within 14 days of the deposition(s).

    **SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: October 7, 2011

cc: Richard L. O'Meara, Esq.
    Jeanne M. Kincaid, Esq.
    Melissa A. Hewey, Esq.